**THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 2:12-cv-00024-MR
(CRIMINAL CASE NO. 2:07-cr-00027-MR-1)**

| | |
|---|---|
| TRAVIS WAYNE BOWMAN, ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| **vs.** ) | **MEMORANDUM OF** |
| ) | **DECISION AND ORDER** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| **Respondent.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Doc. 1]; Petitioner's Amended Motion to Vacate, seeking alternative relief under 28 U.S.C. § 2241, or under the Writs of Error *Coram Nobis* or *Audita Querela*, [Doc. 2], as supplemented [Doc. 3]; and Petitioner's Motion for Expedited Consideration [Doc. 7]. Petitioner is represented by Mary Ellen Coleman of the Federal Defenders of Western North Carolina. The Court held a hearing on this motion on October 9, 2014.

## I.    FACTUAL BACKGROUND

Petitioner was indicted by the Grand Jury for the Western District of North Carolina on August 6, 2007, and charged with possession of a

firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count

One); and possession of an unregistered firearm, in violation of 26 U.S.C.

§§ 5841, 5845, 5861(d), and 5871 (Count Two). [Crim. Case No. 2:07-cr-

00027-MR-1, Doc. 1: Indictment]. On November 29, 2007, Petitioner pled

guilty to Count One, the felon-in-possession offense, pursuant to a written

plea agreement in which the Government agreed to dismiss Count Two,

the unregistered firearm charge. [Id., Doc. 11 at 1: Plea Agreement; Doc.

14: Acceptance and Entry of Guilty Plea]. Before sentencing the probation

officer completed a Presentence Report ("PSR") in which the probation

officer summarized Petitioner's criminal history, including his prior felony

convictions. [Id., Doc. 15 at 8-14; PSR]. Of the felony convictions reported

by the probation officer, the most serious convictions were for burning

personal property and habitual misdemeanor assault, both of which were

Class H felonies. At the time of those convictions, Petitioner's prior record

level was a level II. [Id. at 11; 14; see also Docs. 3-1; 3-2]. Petitioner was

ultimately sentenced to 120 months' imprisonment, and this Court entered

its judgment on April 29, 2008. [Crim. Case No. 2:07-cr-00027-MR-1, Doc.

22: Judgment]. Petitioner subsequently appealed to the Fourth Circuit

Court of Appeals. Petitioner's appeal, however, was dismissed, and the

Fourth Circuit entered its mandate on April 10, 2009. [Id., Doc. 31:

Mandate].

On June 22, 2012, Petitioner filed the instant motion to vacate his conviction under the Fourth Circuit's *en banc* decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), arguing that his prior felony convictions do not qualify as felony offenses for purposes of Section 922(g)(1) and that he is actually innocent, therefore, of the felon-in-possession offense of which he was convicted in this Court.[1]  Petitioner contends that the Court should therefore vacate his conviction and dismiss the indictment.

The Government agrees that Petitioner is actually innocent of the Section 922(g) conviction he now challenges and that the Court should vacate Petitioner's conviction as to Count One.  The Government further agrees to waive the statute of limitations, and declines to enforce the

---

[1]  In Simmons, the Fourth Circuit held that, in order for a prior felony conviction to serve as a predicate offense [for either a crime of violence or a controlled substance offense], the individual defendant must have been convicted of an offense for which that defendant could be sentenced to a term exceeding one year.  Simmons, 649 F.3d at 243 (emphasis added).  In reaching this holding, the Simmons Court expressly overruled United States v. Harp, 406 F.3d 242 (4th Cir. 2005), which had held that in determining "whether a conviction is for a crime punishable by a prison term exceeding one year [under North Carolina law] we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history."  Id. (quoting Harp, 406 F.3d at 246) (emphasis omitted).  The Fourth Circuit recently held that Simmons is retroactive to cases on collateral review.  See Miller v. United States, 735 F.3d 141 (2013).

waiver in Petitioner's written plea agreement of the right to bring on collateral review a claim such as the one he raises here.

## II.    DISCUSSION

It is undisputed that Petitioner's motion is untimely, as it was filed more than one year after his conviction became final.  A Section 2255 claim not brought within one year of the date on which a conviction has become final under Section 2255(f) is procedurally barred.   A procedural bar, however, may be excused where the petitioner demonstrates "cause and prejudice," or "actual innocence."  Bousley v. United States, 523 U.S. 614, 622 (1998).

Here, the Government concedes that Petitioner's most serious prior conviction is a Class H felony with a prior record level of II.   The Government further states that under North Carolina General Statutes §§ 15A-1340.17(c) and (d), the highest sentence Petitioner could have received for that conviction was 10 months.   Under Simmons, then, Petitioner's most serious prior conviction was not for an offense punishable by more than one year in prison.  Accordingly, Petitioner lacks a qualifying predicate conviction for the § 922(g)(1) offense for which he was convicted.

Agreeing that Petitioner is actually innocent of the felon-in-possession conviction, the Government has expressly waived the one-year limitation

period and has declined to enforce the appellate waiver provision in the plea agreement.  The Supreme Court held in Day v. McDonough, 547 U.S. 198, 205, 209, 211 n.11 (2006), that where the government intelligently chooses to waive an affirmative defense such as the statute of limitations, a district court is not at liberty to disregard that choice.  Although Day involved a state habeas petition, this Court finds that where the government intelligently waives the one-year limitations period in the context of a motion under Section 2255, the logic of Day would direct that this Court is not at liberty to disregard the Government's waivers.  Because Respondent has expressly waived the one-year limitations period and has conceded that Petitioner is actually innocent of the felon-in-possession conviction under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), the Court will grant the motion to vacate his conviction as to Count One.

While the Court concludes that Petitioner is actually innocent of the charge contained in Count One, there remains the issue of the second charge in the Bill of Indictment, which was dismissed pursuant to Petitioner's plea agreement.  The Supreme Court has explained that "where the Government has foregone more serious charges in the course of plea bargaining, *petitioner's showing of actual innocence must also extend to those charges*."  United States v. Bousley, 523 U.S. 614, 624

(1998) (emphasis added); see also United States v. Apker, 241 F.3d 1060, 1062 (8th Cir. 2001) (noting that under Bousley, in addition to showing actual innocence of the challenged conviction, a petitioner "must show actual innocence of any other dismissed charges if those dismissed charges were more serious.").

The Count that the Government dismissed in exchange for Petitioner's guilty plea was a charge of possessing an unregistered firearm. In order to obtain relief based on actual innocence the Petitioner has the burden under Bousley to demonstrate the he is actually innocent of this charge as well as the § 922(g)(1) count. Petitioner has presented nothing, however, that would indicate that he is actually innocent of the charge of possessing an unregistered firearm.

Recognizing that the Petitioner cannot meet his burden under Bousley with respect to Count Two, the Government has moved to reinstate this dismissed charge and allow the Petitioner to plead guilty to this Count. Petitioner's counsel is in agreement with this proposal. Upon consideration of the Government's motion, the Court will vacate Petitioner's conviction as to Count One and will reinstate Count Two so that Petitioner may instead plead guilty to that Count and be sentenced accordingly.

### III. CONCLUSION

In sum, for the reasons stated herein, the Court grants Petitioner's motion to vacate.

### O R D E R

**IT IS, THEREFORE, ORDERED, in accordance with the Court's oral order entered in open court on October 9, 2014,** that:

(1) Petitioner's Motion to Vacate, as amended and supplemented [Docs. 1, 2, 3] is **GRANTED**;

(2) Petitioner's Motion for Expedited Consideration [Doc. 7] is **GRANTED**; and

(3) The dismissal of Count Two of the Bill of Indictment [Criminal Case No. 2:07-cr-00027-MR-1] is hereby **VACATED** and such Count is hereby **REINSTATED**.

**IT IS SO ORDERED.**

Signed: October 27, 2014

Martin Reidinger
United States District Judge